UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| HAJI BAGCHO, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 22-185-DCR |
| v. | ) ) ) | |
| J. GILLEY, Warden, | ) | **MEMORANDUM ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Haji Bagcho is a federal inmate, currently confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Bagcho has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks to challenge the computation of his sentence by the federal Bureau of Prisons ("BOP"). [Record No. 1] However, Bagcho did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*.

While Bagcho's failure to pay the filing fee independently justifies dismissal of this action without prejudice, it is also evident from the exhibits attached to the petition that he has not yet exhausted his administrative remedies regarding his claims.[1] And before a prisoner

---

[1] The Court conducts an initial screening of § 2241 habeas petitions pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

Exhaustion of administrative remedies serves two primary purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. at 92-94.

The BOP's Inmate Grievance System requires that a federal prisoner first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the

prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Bagcho claims to have exhausted his administrative remedies, referring to Exhibits A-D attached to his petition. [Record No. 1 at p. 6] However, the majority of these documents relate to his efforts to raise his concerns regarding the computation of his sentence with the Designation and Sentence Computation Center ("DSCC") in June 2021. [Record No. 1-2 at Exhibit A-B, D-E] While the DSCC carries out sentence computation functions for the BOP, seeking relief directly from the DSCC is not a substitute for following the BOP's required administrative remedy process, thus "obtaining an adverse decision from the DSCC directly (instead of following the required administrative review process) does not excuse exhaustion." *See Blumling v. United States*, No. 4:19-CV-2587, 2020 WL 4333006, at *12-*13 (N.D. Ohio July 28, 2020) (collecting cases).

While Bagcho also attaches a July 14, 2022, letter written by his counsel to the warden regarding the computation of his sentence [Record No. 1-2 at Exhibit C], it does not appear that this letter was intended to be a substitute for a BP-9 Request filed with the warden as part of the BOP's formal grievance process. However, even if this were the intention, Bagcho did not pursue the matter further with the appropriate Regional Director and/or with the General Counsel. Thus, his claims remain unexhausted.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate" in his complaint, *Jones v. Bock*, 549 U.S

199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Here, the Exhibits submitted with Bagcho's § 2241 petition as proof of exhaustion actually demonstrate that he has not yet fully exhausted his available administrative remedies with respect to his claims. Thus, the Court will deny his current petition without prejudice so that he may pursue his available administrative remedies. If Bagcho is not satisfied with the administrative resolution of his claims, he may then file a § 2241 petition in a new case once this process is complete. Accordingly, it is hereby

**ORDERED** as follows:

1. Bagcho's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**, without prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 12, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky